**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JASPER JABEZ PADGETT,**

**Plaintiff,**

**v.** **Case No.: 3:25-cv-00500**

**HPD, *et al.*,**

**Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff Jasper Jabez Padgett's pro se letter-form Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41.1, and that this action be removed from the docket of the Court.

## I. Relevant History

On August 14, 2025, Plaintiff filed the instant letter-form Complaint, alleging violations of his constitutional rights arising from his arrest and subsequent criminal proceedings in Cabell County, West Virginia. (ECF No. 1). Plaintiff names HPD, Cabell prosecutors, the Cabell courthouse, and all witnesses and accusers as Defendants. (*Id.*). At the time of filing, Plaintiff was incarcerated at the Western Regional Jail and

Correctional Facility. However, Plaintiff neither paid the requisite filing fee nor submitted an Application to Proceed Without Prepayment of Fees and Costs.

On March 11, 2026, the undersigned entered an Order directing Plaintiff to pay the $405.00 filing fee or submit a completed and signed Application to Proceed Without Prepayment of Fees and Costs on or before April 11, 2026. (ECF No. 3). Plaintiff was advised that no action would occur in this case, including the initial screening of his Complaint, until the filing fee was paid or his Application was approved. (*Id.*). Plaintiff was further warned that failure to comply with the Order would result in a recommendation that his Complaint be dismissed. (*Id.*).

Plaintiff failed to comply with the Order or otherwise communicate with the Court. Accordingly, on May 6, 2026, the undersigned entered an Order to Show Cause, notifying Plaintiff that dismissal of this action would be recommended in thirty (30) days for failure to prosecute and failure to comply with a court Order unless he complied with the prior Order and demonstrated good cause for retention of the case on the docket. (ECF No. 4). Plaintiff was also reminded of his obligation to promptly notify the Clerk of Court of any changes in his address. (*Id.*).

On May 20, 2026, both the March 11, 2026, Order and the May 6, 2026, Order to Show Cause were returned to the Court as undeliverable. (ECF No. 5). No forwarding address was available. (*Id.*). To date, Plaintiff has not paid the filing fee, submitted an Application to Proceed Without Prepayment of Fees and Costs, provided an updated mailing address, or otherwise communicated with the Court since filing his Complaint on August 14, 2025.

## II. <u>Discussion</u>

Plaintiff has failed to prosecute his claims, comply with the Court's Orders, or

maintain a current mailing address. Despite being afforded an opportunity to satisfy the filing-fee requirement and demonstrate good cause for retaining this matter on the docket, Plaintiff has taken no action since filing his Complaint. Accordingly, for the reasons discussed below, the undersigned **FINDS** that dismissal without prejudice is appropriate pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41.1.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1]

Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed.R.Civ.P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

The appropriateness of an involuntary dismissal "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, the undersigned concludes that dismissal is warranted. Plaintiff initiated this action on August 14, 2025, but has taken no further action to prosecute his claims. Despite being directed to pay the requisite filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs, Plaintiff has failed to do either. Moreover, Plaintiff has failed to provide the Clerk of Court with an updated mailing address, and both the Court's March 11, 2026 Order and May 6, 2026 Order to Show Cause were returned as undeliverable. (ECF No. 5). Plaintiff has made no effort to contact the Court, inquire about the status of his case, or otherwise demonstrate an interest in pursuing his claims.

This civil action has been pending on the Court's docket for more than thirteen months without any communication from Plaintiff since the filing of his Complaint. The undersigned **FINDS** that Plaintiff bears responsibility for the delay in prosecution and

that his continued inaction demonstrates a failure to diligently pursue this action. Although Defendants have not been served, the passage of time may prejudice their ability to defend against Plaintiff's allegations as witnesses become unavailable and memories fade. Furthermore, considering Plaintiff's failure to satisfy the filing-fee requirement, respond to the Court's Orders, or provide a current mailing address, the undersigned **FINDS** that a sanction less severe than dismissal would be ineffective. *See Ballard*, 882 F.2d at 95–96. The Court has issued an Order directing Plaintiff to satisfy the filing-fee requirement and an Order to Show Cause providing an additional opportunity to demonstrate good cause for retaining this matter on the docket. However, Plaintiff has failed to comply with either Order or provide a current mailing address at which the Court may communicate with him. Under these circumstances, the Court is left with little alternative but to dismiss this action rather than allow it to remain indefinitely dormant.

While dismissal is warranted, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute his claims is unknown, particularly because the Court's Orders were returned as undeliverable. Furthermore, the merits of Plaintiff's claims have not been addressed. Accordingly, the undersigned **FINDS** that dismissal without prejudice is appropriate to account for the possibility that Plaintiff's failure to prosecute is excusable and that good cause exists to reopen or reinstitute his claims.

## III. Proposal and Recommendation

Accordingly, for the reasons stated herein, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 1), be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41.1, and that this action be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Mazzone.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

**FILED:** September 25, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE